UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARYANNE WEST, | * |
| Appellant, | * |
| v. | * |
| WELLS FARGO, | * Civil Action No. 17-cv-11714-ADB |
| Appellee, | * |
| JOHN FITZGERALD, | * |
| Trustee. | * |

**<u>ORDER</u>**

BURROUGHS, D.J.

On August 24, 2017, the Bankruptcy Court denied the Appellant's motion to extend the automatic stay, which the Appellant timely appealed to this Court on September 7, 2017. [ECF No. 1]. See In re West, No. 17-bk-12755, ECF Nos. 26, 36 (Bankr. D. Mass. Sept. 7, 2017). The Federal Rules of Bankruptcy Procedure require the Appellant to file a designation of the record and statement of the issues on appeal with the Bankruptcy Court within fourteen days of filing the notice of appeal. Fed. R. Bankr. P. 8002 and 8009. After the Appellant failed to do so, the Bankruptcy Court filed a Certificate of Default with this Court on October 19, 2017. [ECF No. 4]. Following receipt of the Certificate of Default, the Appellant did not take any action concerning her appeal until this Court ordered the Appellant to make the required filings by April 17, 2018 and advised her that failure to comply with the Order may result in dismissal of the appeal. [ECF No. 5]. Plaintiff was granted an extension of time to submit these materials until May 2, 2018. [ECF Nos. 7, 8]. On May 2, 2018, the Appellant filed a handwritten letter and

certain exhibits with this Court, describing the issues on which she seeks appellate review. [ECF Nos. 9, 10]. Plaintiff did not file a designation of the record in accordance with the Federal Rules of Bankruptcy Procedure and this Court's prior Orders.

Notwithstanding the Appellant's noncompliance described above, upon further consideration of the underlying action, the instant appeal has been rendered moot. "Mootness in bankruptcy appellate proceedings, as elsewhere, is premised on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective relief." In re Carey, 221 B.R. 571, 572 (1st Cir. BAP 1998) (quoting Rochman v. Northeast Utilities Serv. Grp., 963 F.2d 469, 471 (1st Cir. 1992)). Here, the Appellant sought review of the denial of a motion to extend the automatic stay. As the First Circuit has explained:

> [T]he automatic stay provided in 11 U.S.C. § 362(a) [is] dependent upon the operation of the bankruptcy law, and that law [is] pertinent only because of the existence of the proceeding in bankruptcy .... Any power that [the appellate court] [has] with respect to the stay is derived from [the court's] appellate power in bankruptcy matters. Once the bankruptcy [is] dismissed, a bankruptcy court no longer [has] power to order the stay or to award damages allegedly attributable to its vacation. A remand by [the appellate court] to the bankruptcy court would therefore be useless.

Gorczakoski v. Eastern Airlines Fed. Fin. Credit Union, Inc., 39 F.3d 1166, 1994 WL 591607, at *1 (1st Cir. Oct. 28, 1994) (quoting In re Income Prop. Builders, Inc., 699 F.2d 963, 964 (9th Cir. 1982) (per curiam)) (finding that appeal from granting relief from automatic stay became moot "once the dismissal of the underlying bankruptcy proceeding became final"). Here, on December 12, 2017, the Bankruptcy Court issued an order stating, "As the debtor has failed to comply with the court's order on November 21, 2017, the case is dismissed," followed by a Notice of Dismissal on January 10, 2018. See In re West, No. 17-bk-12755, ECF Nos. 123, 131 (Bankr. D. Mass.). Plaintiff has not appealed the dismissal of the underlying action.

Because the automatic stay which the Appellant sought to extend is no longer effective following the dismissal of the action, this Court is unable to afford the Appellant any relevant relief. See In re Soto, No. PR 12−053, 2013 WL 1932118, at *1 (1st Cir. BAP May 8, 2013) (per curiam) ("We are unable to fashion meaningful relief because we cannot reinstate the automatic stay in a case that has been dismissed."); cf. In re Melo, 496 B.R. 253, 256 (1st Cir. BAP 2013) ("The dismissal of a bankruptcy case 'normally results in dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings.'" (quoting Hamilton v. Appolon, 399 B.R. 717, 720 (1st Cir. BAP 2009))); In re Caribbean Tubular Corp., 813 F.2d 533, 534 (1st Cir. 1987) ("[B]ecause the bankruptcy court's dismissal of the entire proceeding rendered the interlocutory appeal moot, the district court should have dismissed that appeal.").

Accordingly, because the Appellant's bankruptcy case has been dismissed, and this Court is unable to provide any relevant relief regarding her request to extend the automatic stay, the instant appeal is DISMISSED as moot.

**SO ORDERED.**

May 7, 2018  /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE